**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30982
Summary Calendar

LARRY S. TURNER

Plaintiff-Appellant/
Cross-Appellee

VERSUS

PENROD DRILLING CORPORATION and
ENSCO OFFSHORE COMPANY

Defendants-Appellees/
Cross-Appellants

Appeal from the United States District Court
For the Western District of Louisiana
(93-CV-1322)
July 22, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Larry Turner, a Jones Act seaman, injured his back while lifting a 172-pound oxygen bottle over a six-inch splash guard on the Penrod 68 drilling rig. Turner sued his employer, Penrod Drilling Corporation, now known as Ensco Offshore Company, for Jones Act negligence, unseaworthiness, and maintenance and cure. The district court held that Penrod was not liable under the Jones

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Act or for unseaworthiness because the injury was caused solely by Turner's own negligence. The district court also found that Turner had not yet reached maximum medical cure and is entitled to maintenance and cure until he reaches maximum medical cure. Turner appeals the district court's finding of no negligence on the part of Penrod; Penrod appeals the finding of a continuing maintenance and cure obligation. We affirm.

Because Turner challenges only the district court's findings of fact, we review for clear error, that is, we will reverse only if we are left with the definite and firm conviction that a mistake has been committed and that the district court could not permissibly find as it did. Brister v. A.W.I., Inc., 946 F.2d 350 (5th Cir. 1991). Under the Jones Act, an employer is liable to its employees for its negligent acts or omissions that play any part in producing the seaman's injury. Id. at 354. A seaman has a slight duty to protect himself and use reasonable care. Bobb v. Modern Products, Inc., 648 F.2d 1051 (5th Cir. 1981). The district court found that Penrod was not even slightly negligent and that Turner's negligence was the sole cause of his injuries.

Turner argues that Penrod failed to properly train and instruct its employees because Penrod did not instruct employees to obtain assistance when lifting over 50 pounds. We find no clear error in the district court's finding that Penrod's existing instructions must be applied with common sense and that the absence of specific instructions does not constitute negligence.

Penrod appeals the district court's finding that Turner has

2

not reached maximum medical improvement. If a seaman suffers injury or illness while in the service of his ship, he is entitled to maintenance and cure from his employer. Davis v. Odeco, 18 F.3d 1237 (5th Cir.), *cert. denied*, 115 S.Ct. 78 (1994). The obligation of an employer to pay maintenance and cure continues until maximum cure or maximum medical improvement has been obtained. Tullos v. Resource Drilling, Inc., 750 F.2d 380 (5th Cir. 1985), *overruled in part on other grounds by* Miles v. Apex Marine Corp., 111 S.Ct. 317 (1990). Maximum cure is achieved when it appears that the seaman's condition is cured or is recognized as incurable, that is, further treatment will not result in any betterment of the seaman's condition and is simply for pain relief. Pelotto v. L & N Towing Co., 604 F.2d 396 (5th Cir. 1979). The determination of maximum cure is an unequivocal medical, as opposed to judicial, determination. Tullos, 750 F.2d at 388.

None of Turner's treating physicians have made an unequivocal medical determination of maximum medical cure. The district court found that Turner suffers from a herniated disc, Turner's depression and anxiety are related to the back injury, and Turner's future medical condition remains uncertain. After reviewing the record, we find no clear error.

AFFIRMED.

3